UNITED STATES DISTRICT COURT
Western District of Texas - Austin Division

| | |
|---|---|
| MORGAN BROMGARD,<br>　　　　Plaintiff, | §<br>§　CASE NUMBER: 1-24-cv-00751<br>§ |
| vs. | §<br>§ |
| CENTRAL PORTFOLIO CONTROL<br>INC.,<br>　　　　Defendant. | §<br>§<br>§　DEMAND FOR JURY TRIAL<br>§ |

## **PLAINTIFF'S INITIAL COMPLAINT**

### Preliminary Statement

1.　Plaintiff, MORGAN BROMGARD ("Plaintiff" or "Bromgard"), brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), as well as under the Texas Debt Collection Act, Tex. Finance Code § 392.001, *et seq.* ("TDCA") and the Texas Deceptive Trade Practices Act, Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), to obtain statutory damages, injunctive relief, declaratory relief, and other relief for the Defendant's violations of the FDCPA, the TDCA and the DTPA.

2.　Defendant, CENTRAL PORTFOLIO CONTROL INC. ("Defendant" or "CPC"), attempted to collect a consumer debt ("Debt") allegedly owed by Plaintiff, arising from a purported obligation on a credit card. The obligation ("Debt") required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes. CPC can be served by and through their registered agent C T Corporation System, located at 1999 Bryan St., Suite 900, Dallas, TX 75201.

## JURISDICTION AND VENUE

3. This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.* against Defendant for engaging in unfair or deceptive acts or practices in violation of the FDCPA, 15 U.S.C. § 1692.

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 1337(a), and 1367.

5. Venue is proper in the United States District Court for the Western District of Texas because the acts and transactions occurred here, Plaintiff resides here, and the Defendant transacts business here.

## DEFINITIONS

6. As used in reference to the FDCPA, the terms "creditor," "debt," and "debt collector" are defined in § 803 of the FDCPA, 15 U.S.C. § 1692a and 15 U.S.C. § 1692j(a) and (b).

## THE PARTIES

7. The FDCPA, 15 U.S.C. § 1692, which prohibits certain debt collection practices, provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

8. Defendant CPC is a collection agency, a foreign for-profit corporation based in Minnesota, and is in the business of collecting consumer debt in the Western District of Texas. The principal purpose of CPC's business is the collection of consumer debts using the mail and telephone. CPC regularly attempts to collect consumer debts for others. CPC is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6). CPC is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7).

9. Plaintiff Bromgard is an individual who resides in Travis County, Texas, and is a consumer as defined by 15 U.S.C. § 1692(a)(3) and the Tex. Finance Code § 392.001(1).

## FACTUAL ALLEGATIONS

10. On February 13, 2024, at 1:35pm, an employee representative of Defendant called Plaintiff's cell phone. The call came from phone number (800) 816-1030, with a caller ID name of 'CPC'. Plaintiff answered Defendant's call. The phone call was made by someone claiming to be named Jeff Debates and it pertained to the collection of a debt purported to be owed by Plaintiff for a Synchrony Bank (PayPal) account.

11. During the call, Defendant stated that Plaintiff's alleged debt had a "judgment made" and they were demanding an answer to the judgment, and that it could include wage garnishment if Plaintiff did not agree to pay.

12. Despite the claim that there was a judgment, no case has been filed by Defendant against Plaintiff in any Court in Travis County or anywhere else.

13. Despite the claim made by the Defendant that a judgment could include wage garnishment if not resolved, wage garnishment for this type of debt or judgment is not permitted in Texas.

14. The foregoing acts and omissions of the Defendant were undertaken by them willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff.

15. The foregoing acts and omissions of the Defendant were undertaken by them indiscriminately and persistently, as part of their regular and routine collection efforts, and without regard to or consideration of the rights of the Plaintiff.

16. As a proximate result of the foregoing acts and omissions of the Defendant, Plaintiff has suffered actual damages and injury, including but not limited to, stress, humiliation, mental

anguish and suffering, and emotional distress, for which Plaintiff should be compensated in an amount to be proven at trial.

17. All of Defendant's actions occurred within one year of the date of this Complaint. Moreover, the actions made by Defendant in its collection attempts are to be interpreted under the "unsophisticated consumer" standard. (See, *Bartlett v. Heibl*, 128 F3d. 497, 500 (7th Cir. 1997); *Chauncey v. JDR*, 118 F.3d 516, 519 (7th Cir. 1997); *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996); and *Gammon v. GC Services, LTD. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## RESPONDEAT SUPERIOR LIABILITY

18. The acts and omissions of Defendant, and the debt collector employed as an agent by Defendant who communicated with Plaintiff as further described herein, were committed within the time and space limits and within the sphere of their respective employment in their agency relationship with their principal, the Defendant.

19. The acts by Defendant and its agent were incidental to, or of the same general nature as, the responsibilities this agent was authorized to perform by Defendant in collecting consumer debts.

20. By committing these acts against Plaintiff, the agent of Defendant was motivated to benefit their principal, the Defendant.

21. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by its collection employee, including but not limited to violations of the FDCPA and Texas law, in their attempt to collect this debt from Plaintiff.

## COUNT I: VIOLATIONS OF THE FDCPA

22. The Plaintiff repeats, reallege, and incorporates by reference the foregoing paragraphs.

The Defendant's violations of the FDCPA include, but are not limited to, the following:

   a. Misrepresenting the nature or status of the debt by saying a case has been or will be filed with Travis County, which violates 15 U.S.C. § 1692e2(A), e2, e5, and e10, amongst others.

   b. Misrepresenting that once a case is filed with Travis County, plaintiff will lose all legal rights and be subject to wage garnishment, which violates 15 U.S.C. § 1692b, e2, e5, and e8, amongst others.

   c. Failing to give written validation of debt, which violates 15 U.S.C. 1692g.

23. Under 15 U.S.C. § 1692k, Defendant's violations of the FDCPA render it liable to Plaintiff for statutory damages, actual damages, costs, and reasonable attorney's fees.

## COUNT II: VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

24. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the TDCA include, but are not limited to, the following:

   a. Misrepresenting the nature or status of the debt by saying a case has been or will be filed with Travis County, which violates Texas Finance Code § 392.304(8).

   b. Misrepresenting that once a case is filed with Travis County, plaintiff will lose all legal rights by being subject to wage garnishment, which violates Texas Finance Code § 392.304(8).

25. Under Tex. Fin. Code Ann. § 392.403, the Defendant's violations of the TDCA render it liable to Plaintiff for statutory damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

## COUNT III: VIOLATIONS OF THE TEXAS DECEPTIVE TRADES PRACTICES ACT

26. The Plaintiff repeats, realleges, and incorporates by reference the foregoing

paragraphs. The Defendant's violations of the DTPA include, but are not limited to the following:

    a. Pursuant to Tex. Fin. Code Ann. § 392.404, the Defendant's violations of the TDCA also constitute a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code, ("DTPA") and is actionable under that subchapter.

27. Under Tex. Bus. & Com. Code Ann. § 17.50(b)(2), the Defendant's violations of the DTPA render it liable to Plaintiff for injunctive relief and reasonable attorney's fees.

## **PRAYER FOR RELIEF**

Plaintiff, Morgan Bromgard, prays that this Court:

1. Declare that Defendant's debt collections practices violated the FDCPA, TDCA and the DTPA;

2. Enjoin the Defendant's actions which violate the TDCA and the DTPA;

3. Enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, treble damages, costs, and reasonable attorney's fees, as provided by 15 U.S.C. § 1692k(a) and/or Tex. Fin. Code Ann. § 392.403; and

4. Grant such further relief as deemed just.

    Respectfully submitted,

    */s/ James A. Foley*
    James A. Foley, TBN 24055491
    CIMENT LAW FIRM, PLLC
    221 Bella Katy Dr.
    Katy, Texas 77494
    (833) 663-3289, x3006
    (855) 855-9830 facsimile
    James@CimentLawFirm.com
    ATTORNEY FOR PLAINTIFF

Filed July 3, 2024